UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIPE FERNANDEZ,

                Plaintiff,

      -against-

STMM, INC.,

                Defendant.

24-cv-6338 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Felipe Fernandez is a visually impaired and legally blind person who claims Defendant STMM's website is not accessible to blind persons. Dkt. 1 ¶¶ 1, 4. Fernandez is represented by counsel in this matter.

This case was filed on August 22, 2024. Dkt. 1. STMM has not appeared. On October 7, 2024, Fernandez filed for (and received) a certificate of default as to STMM. *See* Dkts. 14, 15, 16. But then Fernandez seemed to drop this case entirely. On October 8, 2024, the Court directed Fernandez to move for a default judgment within two weeks, warning that a failure to meet this deadline would result in this case's dismissal for failure to prosecute. Dkt. 17. Fernandez missed that deadline. The Court then extended the deadline to file to October 26, 2024, again warning that a failure to meet the Court's deadline would result in a dismissal for failure to prosecute. Dkt. 18. Fernandez missed that deadline too.

On December 4, 2024, the Court issued its third and last extension, extending the deadline for Fernandez's motion for default judgment to January 10, 2025. Dkt. 19. The Court told Fernandez that this was his final extension and once again warned him that a failure to meet this deadline would result in the case's dismissal for failure to prosecute. *See id.* The third time wasn't the charm: Fernandez didn't move for a default judgment.

Courts can dismiss a case *sua sponte* for failure to prosecute and for failure to comply with court orders. Fed. R. Civ. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). When deciding whether to do so, courts consider: (1) the duration of plaintiff's failures, (2) whether plaintiff was told that further delays would lead to dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) the proper balance between alleviating court calendar congestion and protecting plaintiff's right to due process and an opportunity to be heard, and (5) whether lesser sanctions could be effective. *Id.*

The Court finds that these factors favor dismissal here. Plaintiff has repeatedly ignored the Court's orders without explanation. *Cf. Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790 (PMH), 2021 WL 195948, at *2 (S.D.N.Y. Jan. 20, 2021) (finding

dismissal warranted where plaintiff failed to respond to two separate orders). He has not taken any action to prosecute this case since October 7, 2024. He has not responded in any way to the Court's repeated orders over the last six months. And the Court warned plaintiff that failing to comply with the Court's orders by January 10, 2025 would result in this case's dismissal for failure to prosecute. *See* Dkt. 19. There is no indication that Plaintiff intends to continue prosecuting this matter or that lesser sanctions would rouse him from his silence.

Plaintiff's claim is DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: April 3, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge